**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CEDRIC PETERSON,**

                         **Petitioner,**

         **v.**                                          **CASE NO. 22-3070-SAC**

**DAN SCHNURR,**

                         **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

    This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court directs Respondent to file a limited Pre-Answer Response addressing the timeliness of this action.

**Background**

    In 2007, in accordance with a plea agreement, Petitioner pled no contest in the district court of Geary County, Kansas to first-degree murder, and the district judge sentenced him to life in prison without the possibility of parole for 25 years, also called a "hard 25." *State v. Peterson*, 311 Kan. 162, 163 (2020). Despite the terms of the plea agreement including Petitioner's promise not to appeal, Petitioner filed a direct appeal, which he voluntarily dismissed in August 2008. *See Peterson v. State*, 2013 WL 3970189, at *1 (Kan. Ct. App. 2013); *see also* Online records of Kansas Appellate Courts, Case No. 100,200.

    The records and information available and accessible to the

Court at this time generally reflect the complicated procedural history of Petitioner's postconviction legal efforts. However, the Court cannot determine from the information now before it whether this action was timely filed. Thus, the Court concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). The Court directs Respondent to file a PAR addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). If Respondent does not intend to raise that defense, Respondent shall notify the Court of that decision in the PAR.

The Court notes that it entered a similar order in Petitioner's previous § 2254 petition and directed Respondent to file a PAR limited to timeliness. *See Peterson v. Schnurr*, Case No. 20-cv-3153-SAC. Despite the Court's order, the PAR filed by Respondent did not address timeliness, "instead bring[ing] to the Court's attention" an argument that Petitioner had not exhausted his state-court remedies. *Id.* at Doc. 9, p. 1. Ultimately the Court dismissed that action so that Petitioner could exhaust state-court remedies.

The Court emphasizes to Respondent that it is directing him to file a limited PAR addressing timeliness. If Respondent wishes to make additional procedural arguments in the PAR, he may do so, but he must address timeliness as directed.

Upon receipt of the PAR, the Court will continue to review the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Respondent is granted to and including May 12, 2022, in which to file a Pre-Answer Response that complies with this order.

**IT IS SO ORDERED.**

DATED:  This 12th day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge