**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CEDRIC PETERSON,**

                **Petitioner,**

      **v.**                                          **CASE NO. 22-3070-SAC**

**DAN SCHNURR,**

                **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

      This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 filed by Petitioner Cedric Peterson, who proceeds pro se. The Court reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed Respondent to file a limited Pre-Answer Response (PAR) addressing the timeliness of this matter. (Doc. 4.) Respondent has filed the PAR (Doc. 7), along with copies of state-court records relevant to this matter's timeliness (Docs. 8 through 8-4), and the Court has completed its Rule 4 review of the petition. For the reasons set out below, the Court will direct Petitioner to show cause why this matter should not be dismissed as untimely.

**Background**

      In 2007, in accordance with a plea agreement, Petitioner pled no contest in the district court of Geary County, Kansas to first-degree murder, for which he was later sentenced to life in prison

1

without the possibility of parole for 25 years, also called a "hard 25." *State v. Peterson*, 311 Kan. 162, 163 (2020). Despite the terms of the plea agreement including Petitioner's promise not to appeal, Petitioner filed a direct appeal, which he voluntarily dismissed in August 2008. *See Peterson v. State*, 2013 WL 3970189, at *1 (Kan. Ct. App. 2013) (unpublished opinion) (*Peterson I*); *see also* Online records of Kansas Appellate Courts, Case No. 100,200.

On December 22, 2008, Petitioner filed a motion to withdraw his plea, arguing that he had received ineffective assistance of counsel. *Peterson v. State*, 2021 WL 4127728, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Peterson II*), *rev. denied* Mar. 28, 2022; *see also* Records of Geary County District Court, Case No. 07-CR-26.

On August 10, 2009, Petitioner filed a motion for relief under K.S.A. 60-1507. *See* Records of Geary County District Court, Case No. 09-CV-239. The following month, Petitioner filed in his criminal case a second motion to withdraw plea, identical to the one he had filed in December 2008. Records of Geary County District Court, Case No. 07-CR-26. On May 13, 2010, the district court denied the 60-1507 motion as untimely filed. Records of Geary County District Court, Case No. 09-CV-239. Petitioner timely appealed. *Id.*

The district court held an evidentiary hearing on the motions to withdraw plea on June 17, 2010, at the end of which it denied the motion. *Peterson II*, 2021 WL 4127728, at *1-2. Petitioner filed a timely notice of appeal from the denial. *Id.* at *2. However, Petitioner never docketed either appeal in the appellate courts, so in February 2012, the district court dismissed the appeals under Kansas Supreme Court Rule 5.051. *Id.* The following month, Petitioner

filed a motion asking the district court to reinstate his appeal of the denial of his motion to withdraw plea; the district court denied the motion. *Id.* Petitioner then filed a motion in the KSC seeking the reinstatement of his appeal, which the KSC denied in August 2012. *See* Online Records of the Kansas Appellate Courts, Case No. 108,387.

Meanwhile, in July 2012, Petitioner filed a motion in the Kansas Court of Appeals (KCOA) seeking the reinstatement of his appeal from the denial of his 60-1507 motion. *See Id.*, Case No. 108,332. On August 1, 2012, the KCOA granted the motion and reinstated the appeal. *Id.* In an opinion issued in August 2013, the KCOA reversed the denial of Petitioner's 60-1507 motion and remanded to the district court for further proceedings. The district court denied the motion on its merits on March 10, 2014. Petitioner timely appealed, but never docketed his appeal, so on July 27, 2015, the district court terminated the case.

On December 9, 2016, Petitioner filed in the state district court a "'Motion to Withdraw Plea (Pursuant to K.S.A. 22-3210) or In the Alternative Writ of Habeas Corpus (Pursuant to K.S.A. 60-1507).'" *Peterson II*, 2021 WL 4127728, at *2. The district court held a nonevidentiary hearing on March 10, 2017, then dismissed the motion as untimely and successive. Petitioner appealed, and the KCOA held that whether it considered the motion as one to withdraw a plea or one seeking habeas relief under 60-1507, the district court had correctly dismissed the motion. *Id.* at *3-5. Specifically, the KCOA held that the motion was procedurally barred as untimely, whether considered as a motion to withdraw plea or a 60-1507 motion.

3

*Id.* at *3. The KSC denied the ensuing petition for review on March 28, 2022. *See* Online Records of the Kansas Appellate Courts, Case No. 122,975.

Petitioner filed his federal habeas petition on April 7, 2022. (Doc. 1.) After an initial review of the petition and consideration of the information Respondent provided in the PAR, the Court will direct Petitioner to show cause why this matter should not be dismissed as untimely.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

Petitioner's direct review concluded when he voluntarily dismissed his direct appeal on August 28, 2008, and the one-year federal habeas limitation period began to run the following day. The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion to withdraw plea on December 22, 2008, tolling the one-year limitation period. Approximately 116 days of the one-year period had expired at that point, leaving approximately 249 days remaining.

While the motion to withdraw plea was pending in the district court, Petitioner also filed a motion under K.S.A. 60-1507. The district court ultimately denied both motions and, although Petitioner filed notices of appeal, his appeals were dismissed on February 13, 2010 for failure to docket. *See* Kan. S. Ct. R. 5.051(a)

("When an appellant has filed a notice of appeal in the district court, but has failed to docket the appeal . . . the appeal is presumed abandoned and the district court may enter an order dismissing the appeal."). Respondent argues that the time between the dismissal of Petitioner's appeals and Petitioner's next filing in the state courts should count against the one-year federal habeas limitation period. (Doc. 7, p. 9.) Similarly, Respondent argues that the time between the district court denying Petitioner's motion to reinstate the appeal from the denial of his motion to withdraw plea and Petitioner filing in the KCOA a motion to reinstate the appeal from the denial of his 60-1507 motion should count against the one-year limitation period. *Id.*

The Court need not resolve at this time[1] whether the one-year federal limitation period was statutorily tolled during this time because even assuming solely for the sake of argument that it was, Petitioner still failed to timely file this matter. Assuming that the time was tolled, Petitioner's 60-1507 proceedings were final on July 27, 2015. On that date, the district court dismissed the appeal from its denial of the 60-1507 on its merits after remand from the KCOA. At that point, the one-year federal habeas limitation period again began to run. It expired 249 days later, on approximately April 1, 2016. And Petitioner did not file his federal habeas petition until April 7, 2022, over six years later. (Doc. 1.) Thus,

---

[1] If Petitioner succeeds in showing cause why this matter should not be dismissed as untimely based on the analysis in this order, the Court may revisit the question of whether the statute was tolled (1) from the date of the dismissals of the appeals for failure to docket to the district court proceedings on reinstatement and (2) from the date of the district court's denial of the motion to reinstate one appeal to Petitioner filing in the KCOA the motion to reinstate the other appeal.

6

the petition was not timely filed.[2]

The one-year limitation period is, however, subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Such circumstances include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted). The petition in this matter does not allege circumstances that warrant equitable tolling of the one-year federal habeas limitation period.

Finally, actual innocence can create an exception to the one-year time limitation. To qualify for the actual innocence exception, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327

---

[2] Although Petitioner filed another post-conviction motion in the state district court in December 2016, the federal habeas statute of limitations expired in April 2016, so that filing does not affect the AEDPA calculation.

(1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The petition in this matter does not allege new, reliable evidence that would justify applying the actual innocence exception here.

Thus, it appears from the information now before the Court that this petition was not timely filed and is subject to dismissal. The Court will therefore direct Petitioner to show cause, in writing, why his petition should not be dismissed as time-barred. For example, if Petitioner believes that he is entitled to additional statutory or equitable tolling of the federal limitation period or that he is entitled to the actual innocence exception to the federal limitation period, he may so explain in his response to this order. The failure to file a timely response to this Notice and Order to Show Cause may result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including July 18, 2022, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed as untimely.

**IT IS SO ORDERED.**

DATED:  This 16th day of June, 2022, at Topeka, Kansas.

```
                         S/ Sam A. Crow

                         SAM A. CROW
                         U.S. Senior District Judge
```