**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CEDRIC PETERSON,**

                **Petitioner,**

      **v.**                                                              **CASE NO. 22-3070-SAC**

**DAN SCHNURR,**

                **Respondent.**

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) regarding the timeliness of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss this action as time-barred.

**Background**

    In 2007, in accordance with a plea agreement, Petitioner pled no contest in the district court of Geary County, Kansas to first-degree murder, for which he was later sentenced to life in prison without the possibility of parole for 25 years, also called a "hard 25." *State v. Peterson*, 311 Kan. 162, 163 (2020). Petitioner filed a direct appeal, which he voluntarily dismissed in August 2008. *See Peterson v. State*, 2013 WL 3970189, at *1 (Kan. Ct. App. 2013) (unpublished opinion) (*Peterson I*); *see also* Online records of Kansas Appellate Courts, Case No. 100,200.

    On December 22, 2008, Petitioner filed a motion to withdraw

1

his plea. *Peterson v. State*, 2021 WL 4127728, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Peterson II*), *rev. denied* Mar. 28, 2022; *see also* Records of Geary County District Court, Case No. 07-CR-26. On August 10, 2009, Petitioner filed a motion for relief under K.S.A. 60-1507. *See* Records of Geary County District Court, Case No. 09-CV-239. The following month, Petitioner filed in his criminal case a second motion to withdraw plea, identical to the one he had filed in December 2008. Records of Geary County District Court, Case No. 07-CR-26.

On May 13, 2010, the district court denied the 60-1507 motion as untimely filed. Records of Geary County District Court, Case No. 09-CV-239. In June 2010, the district court denied the motions to withdraw plea. *Peterson II*, 2021 WL 4127728, at *1-2. Petitioner filed a timely notice of appeal from both denials, but he failed to docket either appeal in the appellate courts, so in February 2012, the district court dismissed the appeals under Kansas Supreme Court Rule 5.051. *Id.* at *2; Records of Geary County District Court, Case No. 09-CV-239. The following month, Petitioner filed a motion asking the district court to reinstate his appeal of the denial of his motion to withdraw plea; the district court denied the motion. *Id.* Petitioner then filed a motion in the KSC seeking the reinstatement of his appeal, which the KSC denied in August 2012. *See* Online Records of the Kansas Appellate Courts, Case No. 108,387.

Meanwhile, in July 2012, Petitioner filed a motion in the Kansas Court of Appeals (KCOA) seeking the reinstatement of his appeal from the denial of his 60-1507 motion. *See Id.*, Case No. 108,332. On August 1, 2012, the KCOA granted the motion and

2

reinstated the appeal. *Id.* In an opinion issued in August 2013, the KCOA reversed the denial of Petitioner's 60-1507 motion and remanded to the district court for further proceedings.

Petitioner alleges in his response that the ultimate resolution of the 60-1507 motion is unclear. (Doc. 10, p. 1.) The state-court records filed by Respondent include, however, a journal entry from the Geary County District Court, file-stamped March 31, 2014, that concludes: "[T]he State's Motion for Summary Disposition/Denial is granted for the reasons set forth in the State's Motion as adopted by the Court herein this date. No evidentiary hearing is therefore required and Cedric Peterson's Motion pursuant to K.S.A. 60-1507 is dismissed." (Doc. 8-3, p. 25-28.) Although Petitioner filed a notice of appeal, (Doc. 8-3, p. 24), it does not appear that an appeal was ever docketed and on July 27, 2015, the district court terminated the case. *See* Online Records of Geary County District Court.

On December 9, 2016, Petitioner filed in the state district court a "'Motion to Withdraw Plea (Pursuant to K.S.A. 22-3210) or In the Alternative Writ of Habeas Corpus (Pursuant to K.S.A. 60-1507).'" *Peterson II*, 2021 WL 4127728, at *2. The district court held a nonevidentiary hearing on March 10, 2017, then dismissed the motion as untimely and successive. Petitioner appealed, and the KCOA affirmed. *Id.* at *3-5. The KSC denied the petition for review on March 28, 2022. *See* Online Records of the Kansas Appellate Courts, Case No. 122,975.

Petitioner filed this federal habeas petition on April 7, 2022. (Doc. 1.) After reviewing the petition, the Court directed

Respondent to file a Pre-Answer Response addressing the timeliness of this matter. (Doc. 4.) Respondent did so on June 15, 2022, after which the Court directed Petitioner to show cause why this matter should not be dismissed as untimely. (Doc. 9.)

**The** NOSC advised Petitioner that this action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). After setting forth the applicable law, the NOSC explained:

> Petitioner's direct review concluded when he voluntarily dismissed his direct appeal on August 28, 2008, and the one-year federal habeas limitation period began to run the following day. . . .
>
> Petitioner filed his motion to withdraw plea on December 22, 2008, tolling the one-year limitation period. Approximately 116 days of the one-year period had expired at that point, leaving approximately 249 days remaining.
>
> While the motion to withdraw plea was pending in the district court, Petitioner also filed a motion under K.S.A. 60-1507. The district court ultimately denied both motions and, although Petitioner filed notices of appeal, his appeals were dismissed on February 13, 2010 for failure to docket. . . .  [Citation omitted.]"

(Doc. 9, p. 5.)

The Court noted Respondent's arguments that the time between the dismissal of Petitioner's appeals and Petitioner's next filing in the state courts should count against the one-year federal habeas limitation period, as should the time between the district court denying Petitioner's motion to reinstate the appeal from the denial of his motion to withdraw plea and Petitioner filing in the KCOA a motion to reinstate the appeal from the denial of his 60-1507

4

motion. But the Court concluded that

> "even assuming solely for the sake of argument that [that time was tolled], Petitioner still failed to timely file this matter. . . .  Petitioner's 60-1507 proceedings were final on July 27, 2015. On that date, the district court dismissed the appeal from its denial of the 60-1507 on its merits after remand from the KCOA. At that point, the one-year federal habeas limitation period again began to run. It expired 249 days later, on approximately April 1, 2016. And Petitioner did not file his federal habeas petition until April 7, 2022, over six years later. (Doc. 1.) Thus, the petition was not timely filed.

(Doc. 9, p. 6-7.)

The NOSC then explained that under certain circumstances, the one-year limitation period is subject to equitable tolling and, in other circumstances, actual innocence can create an exception to the one-year time limitation. *Id.* at 7-8. Petitioner timely filed his response to the NOSC on July 16, 2022. (Doc. 10.)

## Analysis

Petitioner concedes that "[t]he petition in this matter does not allege new, reliable evidence that would justify applying the actual innocence exception here." (Doc. 10, p. 2.)  He instead focuses on the "'six-year period' that is in question." *Id.* at 1. This appears to refer to the 6 years between April 1, 2016, when the one-year federal habeas limitation period expired and April 7, 2022, when Petitioner filed his current federal habeas petition.

But the limitation period expired on April 1, 2016, so Petitioner's actions or other events that happened after that time are irrelevant to the threshold question related to equitable tolling. As noted in the NOSC, Petitioner's December 2016 filing and the events related to that filing do "not affect the AEDPA

5

calculation" on tolling because "the federal habeas statute of limitations expired in April 2016." (Doc. 9, p. 7 fn 2.) For the same reasons, Petitioner's 2017 motion to correct illegal sentence is also irrelevant to the initial timeliness analysis.

Rather, Petitioner must first show that equitable tolling is warranted *before* the habeas statute of limitations expired; in that scenario, equitable tolling would operate to delay the expiration of the statute of limitations until a time when Petitioner's additional state-court filings would operate to statutorily toll the limitation period. Accordingly, Petitioner must establish that he is entitled to equitable tolling during specific periods of time when the one-year limitation period was running. Those periods are (1) between August 29, 2008 (when Petitioner dismissed his direct appeal and the federal habeas limitation period began running) and December 22, 2008 (when he filed his first motion to withdraw plea and the limitation period was statutorily tolled); and (2) between July 27, 2015 (when the district court terminated the 60-1507 proceedings in Geary County District Court Case No. 09-CV-239 and the limitation period resumed running) and April 1, 2016 (when the limitation period expired).

After setting out the procedural history of his attempts to gain relief in the state courts and his prior petition in this Court for federal habeas relief, which was dismissed without prejudice, Petitioner asserts:

> "In every step of [his] course in his attempts to successfully bring any petition through the courts, he has been represented by counsel. Petitioner respectfully submits that a review of the extensive record herein shows

6

> his repeated attempts to withdraw his plea, and the dismay and desperation at the sheer length of proceedings extended unnecessarily -- and through no fault of his own -- has resulted in this untimely filing and ask the court to find this to be the result of excusable neglect due to the lack of conclusive effect of his prior efforts. Under Rowland v. State, 289 Kan. 1076, Ineffective Assistance of Counsel can and should qualify as an exceptional circumstance due to the 'egregious behavior' by all counsel's [*sic*] that have been appointed to petitioner's behalf."

(Doc. 10, p. 2.) Liberally construing the response, as is appropriate since Petitioner proceeds pro se, he asserts that he received ineffective assistance of counsel from all appointed counsel, which he contends merits equitable tolling of the AEDPA limitation period.

As explained in the NOSC, equitable tolling is only available "in rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted), "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control," *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). "[E]gregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted). "'An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.' *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (brackets and quotations omitted)." *Rojas-Marceleno v. Kansas*, 765 Fed. Appx. 428, 432 (10th Cir. 2019) (unpublished order).

7

Even liberally construing the response, Petitioner has not alleged sufficient supporting facts for the assertion that he is entitled to equitable tolling of the one-year federal habeas limitation period. Petitioner does not specifically explain what steps he took that show he was diligently pursuing his claims during the times the one-year federal habeas limitation period was running. Nor does he specifically explain the ways in which his counsel were allegedly ineffective or how that ineffective assistance was so egregious that it warrants equitable tolling.

Petitioner also asks this Court "to consider how state procedural systems are structured and force them to confront the broader questions about whether state prisoners are given a realistic opportunity to have their federal claims considered." (Doc. 10, p. 2.) But Petitioner has failed to provide specific facts for the Court to consider and has thus failed to show that extraordinary circumstances prevented him from timely filing this matter.[1]

## Conclusion

For these reasons, the Court concludes that the present petition is time-barred under 28 U.S.C. § 2244(d) and that Petitioner has not shown the type of circumstances that justify equitable tolling of the statute of limitations. The Court will

---

[1] In his response, Petitioner states: "To the extent that the Court has remaining concerns about the timelines of an earlier date, the Petitioner respectfully requests that the Court expand the record in order to place certain documents before the Court that address the timeliness of the claims he wishes to assert." (Doc. 10, p. 3.) Petitioner does not further identify the "certain documents" to which he is referring, and to the extent that he is referring to the documents attached to his response to the NOSC (Doc. 10-1), the Court has considered those documents, which all concern events that occurred after the federal habeas limitation period expired, and remains unpersuaded that this matter was timely filed.

therefore dismiss this matter as untimely.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 20th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

9